1

2

3

4

5

6                             **UNITED STATES DISTRICT COURT**
                            **WESTERN DISTRICT OF WASHINGTON**
7                                      **AT SEATTLE**

8   STATE OF WASHINGTON,                          NO. 2:20-cv-01119-MLP

9                  Plaintiff,                     DECLARATION OF
                                                 JOLYNN BERGE IN SUPPORT OF
10        v.                                     MOTION FOR PRELIMINARY
                                                 INJUNCTION
11  BETSY DeVOS, in her official capacity as
    Secretary of the United States Department of
12  Education; and the UNITED STATES
    DEPARTMENT OF EDUCATION, a federal
13  agency,

14                 Defendants.

15

16        I, JOLYNN BERGE, hereby declare as follows:

17        1.      I am over the age of 18, competent to testify as to the matters herein, and make

18  this declaration based on my personal knowledge. I am currently employed as the Chief Financial

19  Officer of Seattle School District No. 1 (Seattle Public Schools).

20        2.      I submit this declaration in support of the State of Washington's litigation against

21  the United States Department of Education (Department) challenging the interim final rule it

22  issued that requires Local Educational Agencies (LEA) to use one of two formulas to allocate

23  Elementary and Secondary School Emergency Relief (ESSER) Funds provided by the CARES

24  Act. I have compiled the information in the statements below through my personal knowledge

25  or based on the documents that I have reviewed. I have familiarized myself with the information

26  contained in the CARES Act sections regarding primary and secondary education as well as with

the Department's interim final rule. I am also familiar with the requirements of section 1117 of the Elementary and Secondary Education Act (ESEA).

3.      I have served as the Chief Financial Officer at Seattle Public Schools since June 2016. Prior to my current position, I served as the Chief Financial Officer of the Washington State Office of Superintendent of Public Instruction.

4.      As the Chief Financial Officer of Seattle Public Schools, I am responsible for a $1 billion annual budget; oversight of all federal, state and local grants and tax levies; and oversight of all accounting, payroll, purchasing, risk management, contracting and information technology functions in the school district.

5.      Seattle Public Schools has 104 elementary and secondary schools, with 54,798 students enrolled in the 2019-2020 school year. Of those schools, 34 participate in Title I-A. 44 schools in our district are eligible to participate in Title I-A, but have chosen not to.

6.      In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) that provided funding to the States to assist with the costs associated with disruptions in education due to COVID-19. Each State is required to allocate not less than 90 percent of those funds as subgrants to LEAs. In turn, the CARES Act requires the LEAs to provide equitable services "in the same manner as provided under section 1117 of the ESEA of 1965 to students and teachers in non-public schools." Section 18003(d) of the CARES Act enumerates eligible uses of the funds provided to LEAs.

7.      My colleagues and I were initially relieved when Congress allocated money for LEAs to support students, families, and teachers impacted by COVID-19 and the related disruptions. A significant percentage (30.35%) of students in our district come from low-income families that rely on services provided by our schools, including but not limited to:

        a.      Free and reduced-price meals;

        b.      Physical and mental health services; and

        c.      Supplemental after-school programs.

DECLARATION OF JOLYNN BERGE
NO. 2:20-cv-01119-MLP

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

8.      Others are facing added challenges of remote learning provided online. Parents and families have expressed difficulty with the responsibility of homeschooling their children while managing their own jobs during the pandemic, and have expressed that they have had difficulties in obtaining access to technology devices and internet services. Teachers have also reported pedagogical challenges associated with remote learning.

9.      The cost to Seattle Public Schools of providing services has increased as a consequence of the COVID-19 pandemic. For example, food and technology expenses have dramatically increased; and new expenses, including personal protective devices and sanitation devices and supplies, now must be factored into budgets. Other costs include mailing instructional materials, and additional costs for cleaning and facility costs related to reconfiguration of school space to meet social distancing requirements.

10.     Our district anticipates receiving $10,710,000. As of August 31, 2020, we expect to spend $9,546,668 on the following services:

a.      Providing online support and a technology helpline for students as they learn to use new technology for distance learning;

b.      Hiring new staff to lead and support the transition to distance learning;

c.      Delivering breakfast and lunch five days a week to students who qualify for free and reduced meals;

d.      Developing trainings for students, staff and parents on how to use technology platforms and best practices for distance learning;

e.      Providing wireless internet access to students who do not have internet connectivity at home;

f.      Covering extra staffing costs;

g.      Purchasing sanitizing and cleaning supplies;

h.      Investing in new technology to enable and improve distance-learning; and

DECLARATION OF JOLYNN BERGE
NO. 2:20-cv-01119-MLP

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

i.      Providing distance-learning related professional development services for faculty and staff.

11.     On June 25, 2020, the Department released an interim final rule (IFR) concerning ESSER Funds. The IFR was published in the Federal Register and became effective on July 1, 2020. The IFR requires LEAs to use one of two formulas to allocate ESSER Funds between public and private institutions. The first formula—the "enrollment-based formula"—requires the district to calculate the proportional share for private schools by comparing the total enrollment of participating private schools to the total enrollment in both public and private schools. The second formula—the "poverty-based formula"—permits LEAs to use the formula provided in section 1117(a)(4)(A), but requires the schools to only administer the funds to students participating under Title I, Part A of the ESEA.

12.     However, these formulas are inconsistent with the mandate of the CARES Act and the formula Seattle Public Schools typically uses under section 1117(a)(4)(A).

13.     Under the formula required by section 1117(a)(4)(A) of the ESEA, private schools would be entitled to 3.40% which amounts to $336,108 worth of services from our LEA's subgrant. The remaining $9,549,436 would be eligible for allocation to all public schools in Seattle Public Schools, whether or not they previously received Title I funding.

14.     In contrast, both available formulas under the IFR impair our district's ability to allocate ESSER Funds to students, teachers, and families in our district who are most in need of additional support.

a.      If Seattle Public Schools opts to use the Department's poverty-based formula, it must deny CARES Act ESSER Funds to all schools that did not participate in Title I programs for the previous year. This excludes 73 schools and 42,635 students from relief authorized by Congress under the CARES Act, thus harming their students, families, and teachers. In our district, 10 schools are eligible to receive Title I funding

DECLARATION OF JOLYNN BERGE
NO. 2:20-cv-01119-MLP

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

but opt not to do so. Consequently, 3,788 low-income students—who are most in need of relief—will be excluded from funding under this formula.

    b.    If Seattle Public Schools opts to use the Department's enrollment-based formula, private schools would receive 19.13%. This is a $1,554,995 increase in funds to private schools, some of which have large endowments and are able to shoulder the increased costs of the pandemic, at the direct expense of the district's public schools. Any diminishment in the ESSER Funds that go to our public schools will reduce the services that our district is able to provide to our students, families, and teachers who are most in need of relief.

15.    Any diminishment in funds harms the ability of Seattle Public Schools to accomplish its commitment to ensuring equitable access, closing the opportunity gaps, and excellence in education for every student. Public schools already face significant budgetary constraints. At the same time that Seattle Public Schools is facing increased costs due to the pandemic (including health and safety expenses that are expected to exceed $15 million in the 2020-2021 school year), it is facing the prospect of funding reductions due to a shortfall in the Washington State budget of over $8 billion. The Department's restrictions come at a time when resource-strapped institutions are scrambling to prepare for the coming school year while continuing to support needy students who are disproportionately impacted by the disruptions caused by COVID-19.

16.    In addition, by breaking from the traditional approach governed by section 1117(a)(4)(A) of the ESEA and introducing novel formulas, the rule is pulling additional resources from within the school district to accommodate and administer this new approach. The administrative burden of adopting a new formula to allocate the funds comes at a time when districts are already unstaffed and overworked, adding yet another obstacle for school districts attempting to create an effective and equitable learning environment for students in the midst of the pandemic. Seattle Public Schools staff have had to work additional time in order to complete

DECLARATION OF JOLYNN BERGE          5          ATTORNEY GENERAL OF WASHINGTON
NO. 2:20-cv-01119-MLP                                  Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the requirements associated with the funding and to establish multiple funding scenarios based on the difference in guidance from federal and state agencies.

17. Additionally, the Department's requirement that consultation with private schools occur prior to any expenditure of funds imposes an administrative burden that impairs the district's ability to administer the emergency relief funds in a timely fashion. The CARES Act was passed in March, yet the Department imposes this novel requirement with the IFR it released in late June. This leaves our district in a state of uncertainty about the lawfulness of expenditures incurred prior to the Department's IFR.

18. Seattle Public Schools runs the risk of an enforcement action by the Department if ESSER Funds are not allocated according to one of the two formulas. Because of significant budgetary restraints, the district would not be able to retroactively pay private schools a greater share of the ESSER Funds than originally allocated under the formula required under section 1117(a)(4)(A).

19. If the Department is not immediately enjoined from enforcing the IFR, Seattle Public Schools faces severe consequences. Educators and administrators are already racing against the clock to prepare for the start of the 2020–21 school year and address the technological, structural, and pedagogical challenges that face them. Any delay in funding impedes Seattle Public Schools' ability to plan and coordinate critical expenditures for students and teachers, leaving Seattle Public Schools in a state of uncertainty regarding the amount of funding available for critical programs like free and reduced-price meals, access to internet connectivity, and PPE for students and teachers. These programs are essential to low-income students who are already severely impacted by the pandemic and critical to closing opportunity gaps in educational achievement that have the potential to widen during this unparalleled time. Further, because of the IFR, Seattle Public Schools already faces significant administrative costs at a time when districts are already dealing with substantial resource constraints. Modifying existing plans to accommodate the unanticipated provisions of the Department's rule diverts time

DECLARATION OF JOLYNN BERGE
NO. 2:20-cv-01119-MLP

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

and staff resources that are already in short supply. At this crucial moment of preparation for the upcoming academic year under unprecedented conditions, any reduction, withholding, or delay in emergency funding harms both the State and its most vulnerable students. In sum, The IFR already harms the district, its teachers, and its students.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this _22nd_ day of July 2020, at _Seattle_, Washington.

*JoLynn Berge*
_____
JOLYNN BERGE
Chief Financial Officer
Seattle Public Schools

DECLARATION OF JOLYNN BERGE
NO. 2:20-cv-01119-MLP

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744