1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>BETSY DeVOS, in her official capacity as Secretary of the United States Department of Education; and the UNITED STATES DEPARTMENT OF EDUCATION, a federal agency,<br><br>    Defendants. | NO. 2:20-cv-01119-MLP<br><br>DECLARATION OF BARBARA POSTHUMUS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |

I, BARBARA POSTHUMUS, hereby declare as follows:

1.    I am over the age of 18, competent to testify as to the matters herein, and make this declaration based on my personal knowledge. I am currently employed as Associate Superintendent.

2.    I submit this declaration in support of the State of Washington's litigation against the United States Department of Education (Department) challenging the interim final rule it issued that requires Local Educational Agencies (LEA) to use one of two formulas to allocate Elementary and Secondary School Emergency Relief (ESSER) Funds provided by the CARES Act. I have compiled the information in the statements below through my personal knowledge or based on the documents that I have reviewed. I have familiarized myself with the information contained in the CARES Act sections regarding primary and secondary education as well as with

DECLARATION OF
BARBARA POSTHUMUS
NO.: 20-CV-01119-MLP

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the Department's interim final rule. I am also familiar with the requirements of section 1117 of the Elementary and Secondary Education Act (ESEA).

3.      I am currently the Associate Superintendent of Business and Support Services at Lake Washington School District and have served in various roles in the district since 1990. As Associate Superintendent, I serve as Chief Financial Officer, providing oversight of the district's financial, business and related auxiliary services. I also provide leadership to the Support Services Department which includes facilities, capital resources and transportation.

4.      Lake Washington School District has 56 elementary and secondary schools, with 31,106 students enrolled in the 2019-2020 school year. Of those schools, five participate in Title I-A. Fifteen schools in our district are eligible to participate in Title I-A, but have chosen not to.

5.      In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) that provided funding to the States to assist with the costs associated with disruptions in education due to COVID-19. Each State is required to allocate not less than 90 percent of those funds as subgrants to LEAs. In turn, the CARES Act requires the LEAs to provide equitable services "in the same manner as provided under section 1117 of the ESEA of 1965 to students and teachers in non-public schools." Section 18003(d) of the CARES Act enumerates eligible uses of the funds provided to LEAs.

6.      My colleagues and I were initially relieved when Congress allocated money for LEAs to support students, families, and teachers impacted by COVID-19 and the related disruptions. Eleven percent of students in our district come from low-income families that rely on services provided by our schools, including but not limited to:

        a.      Free and reduced-price meals;

        b.      Supplemental after-school programs;

7.      Other students are facing added challenges of remote learning provided online. Parents and families have expressed difficulty with the responsibility of homeschooling their

DECLARATION OF
BARBARA POSTHUMUS
NO.: 20-CV-01119-MLP

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

children while managing their own jobs during the pandemic. Teachers have also reported pedagogical challenges associated with remote learning.

8.      The cost to Lake Washington School District of providing services has increased as a consequence of the COVID-19 pandemic. For example, technology and professional development expenses have dramatically increased; and new expenses, including personal protective devices and sanitation devices and supplies, now must be factored into budgets.

9.      Our district anticipates receiving $1,692,887 of ESSER Funding. As of July 14, 2020 we have spent $976,525 and the district plans to spend the full grant amount by fall 2020 on the following services:

     a.      Providing online support and a technology helpline for students as they learn to use new technology for distance learning;

     b.      Hiring new staff to lead and support the transition to distance learning;

     c.      Providing childcare to first responders and other members of the community;

     d.      Developing trainings for students, staff and parents on how to use technology platforms and best practices for distance learning;

     e.      Providing wireless internet access to students who do not have internet connectivity at home;

     f.      Covering extra staffing costs;

     g.      Purchasing sanitizing, cleaning supplies, and equipment;

     h.      Investing in new technology to enable and improve distance-learning;

     i.      Providing distance-learning related professional development services for faculty and staff;

     j.      Develop learning resources to ensure grade level standards are met as schools toggle between in-person, hybrid and remote learning environments;

DECLARATION OF
BARBARA POSTHUMUS
NO.: 20-CV-01119-MLP

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1
2
3

    k.    Develop professional learning modules to support key stakeholders, including teachers, parents and students to access effective instruction throughout the school year; and

4

    l.    Providing required Personal Protective Equipment (PPE).

5
6
7
8
9
10
11
12
13

10.    On June 25, 2020, the Department released an interim final rule (IFR) concerning ESSER Funds. The rule was published in the Federal Register and became effective on July 1, 2020. The IFR requires LEAs to use one of two formulas to allocate ESSER Funds between public and private institutions. The first formula—the "enrollment-based formula"—requires the district to calculate the proportional share for private schools by comparing the total enrollment of participating private schools to the total enrollment in both public and private schools. The second formula—the "poverty-based formula"—permits LEAs to use the formula provided in section 1117(a)(4)(A), but requires the schools to only administer the funds to students participating under Title I, Part A of the ESEA.

14
15

11.    However, these formulas are inconsistent with the mandate of the CARES Act and the formula Lake Washington School District typically uses under section 1117(a)(4)(A).

16
17
18

12.    The rule requests the districts to consult with the non-public schools but there is no method for defining their enrollment in order determine their share of the funds, thus leaving our school district with uncertainly on how many dollars we will be eligible to receive and spend.

19
20
21

13.    Both available formulas under the final rule impair our district's ability to allocate ESSER Funds to students, teachers, and families in our district who are most in need of additional support.

22
23
24
25
26

    a.    If Lake Washington School District opts to use the Department's poverty-based formula, it must deny CARES Act ESSER Funds to all schools that did not participate in Title I programs for the previous year. This excludes 51 school and 29,160 students from relief authorized by Congress under the CARES Act, thus harming their students, families, and teachers. In our district, 15 schools are eligible to receive Title I

funding but opt not to do so. Consequently, 2,790 low-income students—who are most in need of relief—will be excluded from funding under this formula.

  b.  If Lake Washington School District opts to use the Department's enrollment-based formula, private schools would receive an increase in funds to private schools, some of which have large endowments and are able to shoulder the increased costs of the pandemic, at the direct expense of the district's public schools. Any diminishment in the ESSER Funds that go to our public schools will reduce the services that our district is able to provide to our students, families, and teachers who are most in need of relief.

14.   Any diminishment in funds harms Lake Washington School District's ability to accomplish its mission for each student to graduate prepared to lead a rewarding, responsible life as a contributing member of our community and greater society. Public schools already face budgetary constraints, significant increases in costs to reopen school this fall and uncertainly about funding. The Department's restrictions come at a time when resource-strapped institutions are scrambling to prepare for the coming school year while continuing to support needy students who are disproportionately impacted by the disruptions caused by COVID-19.

15.   In addition, by breaking from the traditional approach governed by section 1117(a)(4)(A) of the ESEA and introducing novel formulas, the rule is pulling additional resources from within the school district to accommodate and administer this new approach. The administrative burden of adopting a new formula to allocate the funds comes at a time when districts are already unstaffed and overworked, adding yet another obstacle for school districts attempting to create an effective and equitable learning environment for students in the midst of the pandemic. As a result of this rule, we would have to consult with non-public schools both within and outside of our district for a second time since May. When consulting with non-public schools during the traditional consultation, setting up times for consultation requires multiple

DECLARATION OF
BARBARA POSTHUMUS
NO.: 20-CV-01119-MLP

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   emails to get the non-public schools to identify the grants for which they want equitable services

2   and to schedule times for consultations.

3        16.    Additionally, the Department's requirement that consultation with private

4   schools occur prior to any expenditure of funds imposes an administrative burden that impairs

5   the district's ability to administer the emergency relief funds in a timely fashion. The CARES

6   Act was passed in March, yet the Department imposes this novel requirement with the IFR it

7   released in late June. This leaves our district in a state of uncertainty about the lawfulness of

8   expenditures incurred prior to the Department's IFR.

9        17.    Lake Washington School District runs the risk of losing funds if they are not

10   allocated properly even though there is no specific data that is available to effectively

11   demonstrate what should be allocated. Department if ESSER Funds are not allocated according

12   to one of the two formulas. Because of budgetary restraints, the district would not be able to

13   retroactively pay private schools a greater share of the ESSER Funds than originally allocated

14   under the formula required under section 1117(a)(4)(A).

15        18.    If the Department is not immediately enjoined from enforcing the IFR, Lake

16   Washington School District faces severe consequences. Educators and administrators are already

17   racing against the clock to prepare for the start of the 2020–21 school year and address the

18   technological, structural, and pedagogical challenges that face them. The delay in funding

19   already impedes Lake Washington School District's ability to plan and coordinate critical

20   expenditures for students and teachers, leaving Lake Washington School District in a state of

21   uncertainty regarding the amount of funding available for critical programs like free and

22   reduced-price meals, access to internet connectivity, and PPE for students and teachers. These

23   programs are essential to low-income students who are already severely impacted by the

24   pandemic and critical to closing opportunity gaps in educational achievement that have the

25   potential to widen during this unparalleled time.

26

DECLARATION OF
BARBARA POSTHUMUS
NO.: 20-CV-01119-MLP

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

19.     Further, Lake Washington School District already faces significant administrative costs at a time when districts are already dealing with substantial resource constraints. Modifying existing plans to accommodate the unanticipated provisions of the Department's rule diverts time and staff resources that are already in short supply. At this crucial moment of preparation for the upcoming academic year under unprecedented conditions, any reduction, withholding, or delay in emergency funding harms both the State and its most vulnerable students.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this _22_ day of July 2020, at _Redmond_ , Washington.


_____
BARBARA POSTHUMUS
Associate Superintendent
Business and Support Services
Lake Washington School District

DECLARATION OF
BARBARA POSTHUMUS
NO.: 20-CV-01119-MLP

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744