The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>BETSY DeVOS, in her official capacity as Secretary of the United States Department of Education; and the UNITED STATES DEPARTMENT OF EDUCATION, a federal agency,<br><br>    Defendants. | NO. 2:20-cv-01119-BJR<br><br>STATE OF WASHINGTON'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME |

## I.   INTRODUCTION

Defendants have failed to demonstrate good cause to extend their deadline to respond to the motion for preliminary injunction. In setting the briefing schedule and hearing, the Court correctly recognized the immediate harms facing the State of Washington, its school administrators, and its students caused by the U.S. Department of Education's (the Department) interim final rule. Washington timely served its motion on the U.S. Attorney's Office. The Court should either deny Defendants' motion or allow such extension to keep the August 4 hearing date so that this urgent matter may be promptly adjudicated.

## II.   FACTS

The State of Washington filed its Complaint for Declaratory and Injunctive Relief on July 20, 2020, challenging the Department of Education's interim final rule (Rule) relating to

STATE OF WASHINGTON'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME
NO. 2:20-CV-01119-BRJ

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

CARES Act funds for public elementary and secondary schools. Dkt. 1. In the Civil Cover Sheet, Washington made clear that it would soon file a motion for preliminary injunction: "preliminary injunction to be sought promptly." Dkt. 1 at p. 33. Three days later, Washington filed its 24-page motion for preliminary injunction,[1] seeking to enjoin Defendants from implementing or enforcing the Department's Rule. Dkt. 8 at pp. 8-13. The motion and supporting declarations set forth in detail the real concerns and difficult decisions the Washington Office of Superintendent of Public Instruction (OSPI), the local school districts, and Washington families face in light of the Rule, particularly during a global pandemic. *Id.* These immediate concerns include having adequate funds for public schools to address safety and health concerns, ensuring access to education *within a few weeks* for public school students who have insufficient technology for remote teaching, and even providing access to meal programs. *See e.g.* Dkt. 9 at pp. 5-6; Dkt. 10 at pp. 5-6, 9-14; Dkt. 11 at pp. 5-6.

When Washington filed the motion for preliminary injunction, the case was assigned to Magistrate Judge Michelle Peterson. Dkt. 8. Washington noted the motion for the first available date under the fourth-Friday provision in Local Civil Rule 7(d)(3) for August 14. Dkt. 8.

No attorney representing the Defendants had appeared in the case, so Washington arranged for same-day hand-delivery of the papers to the U.S. Attorney's Office in Seattle and over-night delivery to the Department to ensure that the likely assigned attorney of the Defendants had notice of the motion. Crisalli Decl. ¶ 4. Washington's attorney checked the U.S. Attorney's website, which stated that it was open for business until 5:00 p.m., and that reception would accept phone calls to arrange for service. Crisalli Decl. ¶ 5. Counsel also looked through a docket of a similar challenge to the Rule in California's Northern District Court for possible individuals to provide a courtesy email service of the motion, and found no appearance on behalf of any of the Defendants. Crisalli Decl. ¶ 4. *See State of Michigan, et al. v. DeVos*, No. 20-4478-

---

[1] Defendants claim the motion is 35 pages (Dkt. 18 at pp. 3-4), apparently counting the caption, table of contents, table of authorities, and signature lines—all of which "need not be included within the page limit" by Local Civil Rule 6(e)(6).

STATE OF WASHINGTON'S RESPONSE
TO DEFENDANTS' MOTION FOR
EXTENSION OF TIME
NO. 2:20-CV-01119-BRJ

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

JD (N.D. Cal. 2020); *see also NAACP, et al. v. DeVos*, 20-1996-DLF (D.D.C. 2020). Counsel's legal assistant worked with AGO general services staff members to confirm service of the motion occurred on the U.S. Attorney's Office. Crisalli Decl. ¶ 5. The legal assistant contacted the U.S. Attorney's office at 4:30 p.m. to alert them that the papers would be delivered. *Id.* Defendants agree that the motion was timely served at 4:33 p.m. on July 23, 2020. Dkt. 18 at p. 2.

After the motion filing, the Clerk entered an order reassigning the case to this Court. Dkt. 14. The following day, the Court entered its standing order for all civil cases. Dkt. 15. After that, the Court entered a minute order setting a hearing on the motion for August 4 at 10:00 a.m., and set a deadline of July 30 for Defendants to respond to the motion. Dkt. 16.

On July 27, an Assistant U.S. Attorney contacted Washington and agreed that the Defendants had been served on July 23, but asked Washington to agree to a motion to extend Defendants' deadline to August 13, two weeks from the Court's deadline. Crisalli Decl. Ex. 1. Washington's counsel responded that it could not consent to an extension to August 13 because of the extreme time pressures faced by OSPI and school districts. *Id.* Washington agreed that given the circumstances causing closure of the U.S. Attorney's Seattle office for a day, it would consent to an extension of the response to August 3, at 10:00 a.m., which is 24 hours before the scheduled oral argument. *Id.* Defendants then appeared through counsel (Dkt. 17) and now bring this motion. Dkt. 18.

### III.   ARGUMENT

In setting the briefing and hearing schedule, the Court rightly recognized that the motion for preliminary injunction needed to be heard and decided promptly. Defendants have not shown good cause for any extension, let alone the one they seek. The Court should either deny Defendants' motion or grant only such relief as to keep the present hearing date.

Washington's motion was timely served on a day the U.S. Attorney's Office was open. As Defendants had not appeared until the filing of this motion, Washington had no opposing counsel for the United States to discuss scheduling, let alone effect efficient service. As a result,

STATE OF WASHINGTON'S RESPONSE
TO DEFENDANTS' MOTION FOR
EXTENSION OF TIME
NO. 2:20-CV-01119-BRJ

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  Washington had to hand-deliver the motion and supporting papers to the U.S. Attorney's office
2  on the date of filing. As Defendants admit, Washington served those papers at 4:33 p.m. on
3  July 23, which is timely under the Federal Civil Rules of Procedure, the Local Civil Rules, and
4  relevant case law. *See e.g., Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-cv-05227-WHO,
5  2014 WL 1365491 (N.D. Cal. Apr. 7, 2014) (service of summons and complaint at 8:23 p.m.
6  deemed timely); *Sang Mook Lee v. Cal. Inst. of Tech.*, No. CV08-5790 CAS (MANX), 2009 WL
7  10674984 n.2 (C.D. Cal. July 14, 2009) (service of motion at 5:04 by email considered
8  sufficient). Indeed, service was completed within the published office hours between 8:00 a.m.
9  and 5:00 p.m. of the U.S. Attorney's Office the day before that office's closure.
10 https://www.justice.gov/usao-wdwa/contact-us) (last visited July 28, 2020). While the closure
11 of the office is understandable, it occurred after timely service of the motion and supporting
12 papers.

13  Washington's motion and supporting materials show that it is suffering immediate harm,
14 contrary to Defendants' misstatement. *Contra* Dkt. 18 at p. 4; Dkt. at pp. 8-13. OSPI, the school
15 districts, and Washington families are trying to make decisions about what will happen in a
16 matter of weeks, when schools try to return to classes, at least in some form, during the middle
17 of a global pandemic. A prompt hearing and determination on the motion for preliminary
18 injunction will provide needed guidance for those difficult decisions.

19  Finally, Defendants have had ample time to develop a coherent rationale for the Rule, as
20 the Rule is accompanied with a summary and extensive commentary. Defendants claimed to
21 have enough justification to promulgate and declare effective immediately the interim final rule,
22 and any *post hoc* justifications for the Rule are improper in any event.

23  Defendants have not demonstrated good cause for the relief they seek. Washington does
24 not oppose an extension to account for the time Defendants' counsel could not work in their
25 offices. As Washington proposed to Defendants, at most, the Court should grant an extension to
26

STATE OF WASHINGTON'S RESPONSE
TO DEFENDANTS' MOTION FOR
EXTENSION OF TIME
NO. 2:20-CV-01119-BRJ

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

10:00 a.m. on Monday, August 3, 2020, for Defendants to file their response. This would give Defendants relief for the three days their offices were closed.

### IV.   CONCLUSION

The Court should deny Defendants' motion as they failed to demonstrate good cause.

DATED this 28th day of July 2020.

        ROBERT W. FERGUSON
        Attorney General

        */s/ Paul M. Crisalli*
        PAUL M. CRISALLI, WSBA No. 40681
        SPENCER W. COATES, WSBA No. 49683
        JEFFREY T. SPRUNG, WSBA No. 23607
        R. JULY SIMPSON, WSBA No. 45869
        Assistant Attorneys General
        paul.crisalli@atg.wa.gov
        spencer.coates@atg.wa.gov
        jeff.sprung@atg.wa.gov
        july.simpson@atg.wa.gov
        *Attorneys for Plaintiff State of Washington*

STATE OF WASHINGTON'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME
NO. 2:20-CV-01119-BRJ

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744