ETHAN P. DAVIS
Acting Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
JENNIFER D. RICKETTS
Director, Federal Programs Branch
WILLIAM K. LANE III
Counsel

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON,

    Plaintiff,

  v.

BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education; and the UNITED STATES DEPARTMENT OF EDUCATION,

    Defendants.

Case No. 2:20-cv-1119-BJR

**DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION**

**DEFENDANTS' MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY INJUNCTION**

On Friday, August 21, 2020, this Court granted the State's request to enjoin preliminarily Defendants from "implementing or enforcing the provisions in the Guidance of April 30, 2020 or the Interim Final Rule issued July 1, 2020." Order at 21, Dkt. 54 (8-21-20). At this preliminary stage, and consistent with principles generally applicable to injunctions, Defendants understand the Court's Order to enjoin application of the Interim Final Rule ("IFR") vis-à-vis the Plaintiff, the State of Washington.

DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION
Case No. 2:20-cv-1119-BJR

This weekend Defendants learned from a press release issued by the Attorney General for the State that the State interprets the Court's order to impose a nationwide injunction to halt application of the IFR. *See AG Ferguson: Judge blocks DeVos attempt to deprive Washington public schools of emergency funds* (Aug. 21, 2020), https://www.atg.wa.gov/news/news-releases/ag-ferguson-judge-blocks-devos-attempt-deprive-washington-public-schools (last visited Aug. 26, 2020) ("Judge Barbara J. Rothstein's ruling blocks the Department of Education's rule nationwide."). Because the parties appear to have contrary interpretations of the Court's Order, Defendants respectfully seek clarification that the Court preliminarily enjoined application of the IFR to the Plaintiff here.[1]

## ARGUMENT

A court's "constitutionally prescribed role is to vindicate the individual rights of the people appearing before it," and "[a] plaintiff's remedy" accordingly "must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1930, 1934 (2018) (citation omitted); *cf. DHS v. New York*, 140 S. Ct. 599 (Mem) (2020) (Gorsuch, J., concurring) (observing that injunctions that order the government to act or not act regarding non-parties "raise serious questions about the scope of courts' equitable powers under Article III"). The Ninth Circuit recently affirmed the longstanding principle that "an injunction 'should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court.'" *City & Cnty. of San Francisco v. Barr*, 965 F.3d 753, 765 (2020) (quoting *L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011)). In *City & County of San Francisco*, the court held that a nationwide injunction that was unnecessary to provide complete

---

[1] Defendants' counsel conferred with Plaintiff's counsel, by email dated August 26, 2020. Plaintiff's counsel indicated their opposition to this motion to the extent it contends that the Court's Order of August 21, 2020, contained a geographic limitation.

DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION
Case No. 2:20-cv-1119-BJR

relief to the plaintiffs was overbroad and an abuse of discretion. 965 F.3d at 765. The court observed that the plaintiffs, a state and a municipality, do not operate or suffer harm outside their neat geographic boundaries, and thus "the geographical scope of an injunction can be neatly drawn to provide no more or less relief than what is necessary to redress [p]laintiffs' injuries." *Id*. at 766; *see also Horne v. Flores*, 557 U.S. 443, 470 (2009) (vacating grant of statewide relief in class action where the only violation claimed related to a single school district).

So too here. Although the Court enjoined Defendants from "implementing or enforcing the provisions in the Guidance of April 30, 2020 or the Interim Final Rule issued July 1, 2020," Order 21, it granted the preliminary injunction on the basis that the State had established irreparable harm to itself, and only to itself, as well as a likelihood of success on the merits.[2] *See* Order 9 (The "heart" of the State's irreparable harm argument "is that Washington['s] public schools, and in particular [the State's poorest] public school students, are irreparably harmed by the [IFR's] diversion of CARES Act funding to private schools."). Nor did Plaintiff present any evidence in the record about harm beyond Washington's borders, and the Court was not asked to make—as it must to justify a nationwide injunction—a specific finding that the State would "continue to suffer [its] alleged injuries if [the government] were enjoined from enforcing the [challenged IFR] only in [Washington]." *City & Cnty. of San Francisco*, 965 F.3d at 765. Instead, the focus of the State's claims, and the Court's discussion of such allegations, were (appropriately) on the alleged injuries within the State of Washington. As in *City & County of San Francisco*, the State's neat geographic boundaries preclude any need for a broader

---

[2] Currently, three other cases challenging this IFR are pending in different district courts around the country. *See National Association for the Advancement of Colored People, et al., v. DeVos, et al.*, 1:20-cv-01996 (D.D.C.); *Council of Parent Attorneys and Advocates, Inc. v. DeVos, et al.*, No. 1:20-cv-02310 (D.Md.); *State of Michigan, et al., v. DeVos, et al.,* No. 3:20-cv-04478-JD (N.D.Cal.). The plaintiffs are individuals and advocacy groups, as well as a collection of states.

DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION
Case No. 2:20-cv-1119-BJR

1  injunction. The State's challenge here concerns only the apportionment of funds between public

2  and private schools at a local level, and so its alleged injuries will be completely redressed if

3  Defendants do not enforce the IFR within the State of Washington.

   The State's interpretation of the injunction as having nationwide effect would raise an

additional concern. Under Article III of the United States Constitution, a plaintiff must "demonstrate standing for each . . . form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1650 (2017) (citation omitted); *see also Gill v. Whitford*, 138 S. Ct. 1916, 1930, 1933 (2018) ("The Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing before it."); *cf. DHS v. New York*, 140 S. Ct. 599 (Mem) (2020) (Gorsuch, J., concurring) (observing that injunctions that order the government to act or not act regarding non-parties "raise serious questions about the scope of courts' equitable powers under Article III"). Here, Plaintiff made no showing of standing sufficient to seek nationwide relief.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court clarify that its August 21, 2020 Order provides preliminary relief from the IFR to the State of Washington, exclusively.

DATED: August 26, 2020              Respectfully submitted,

                                    ETHAN P. DAVIS
                                    Acting Assistant Attorney General

                                    DAVID M. MORRELL
                                    Deputy Assistant Attorney General

                                    JENNIFER D. RICKETTS
                                    Director, Federal Programs Branch

                                    */s/ William K. Lane III*
                                    WILLIAM K. LANE III
                                    (D.C. Bar #1034955)

DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION
Case No. 2:20-cv-1119-BJR

Counsel, Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 305-7920
william.lane2@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION
Case No. 2:20-cv-1119-BJR