ROBERT W. FERGUSON
*Attorney General*

PAUL M. CRISALLI, WSBA #40681
BRIAN H. ROWE, *Pro Hac Vice*
R. JULY SIMPSON, WSBA #45869
JEFFREY T. SPRUNG, WSBA #23607
SPENCER W. COATES, WSBA #49683
*Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>BETSY DeVOS, in her official capacity as Secretary of the United States Department of Education; and the UNITED STATES DEPARTMENT OF EDUCATION, a federal agency,<br><br>Defendants. | NO. 2:20-cv-01119-BJR<br><br>PLAINTIFF STATE OF WASHINGTON'S OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION |

## I. INTRODUCTION

Defendants contend the Court did not intend to enter an injunction that restrained them from implementing their unlawful statutory interpretation beyond Washington's border, but the language of the Court's Order states otherwise. The Order enjoined Defendants from implementing or enforcing their erroneous statutory limitation, without a geographic limitation. Dkt. #54 at p. 21. The Court's injunction was within its authority. If the Court is concerned about the scope of the injunction, Washington anticipates requesting it to order expedited briefing on partial summary judgment on Count I alleging the Interim Final Rule is contrary to law, which involves exclusively legal issues.

PLAINTIFF STATE OF WASHINGTON'S OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION REGARDING SCOPE OF PRELIMINARY INJUNCTION
NO. 2:20-cv-01119-BJR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## II. ARGUMENT

**A.  An Injunction Reaching Beyond Washington's Borders Is Within the Court's Authority**

The Administrative Procedure Act (APA) provides express authority for the interim remedy this Court ordered. Specifically, 5 U.S.C. § 705 provides that "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury," a court "may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." By authorizing the court to suspend "the effective date" of an agency's action, this express statutory remedy applies to a rule as a whole rather than to particular parties or locations. *See Mexichem Specialty Resins, Inc. v. E.P.A.*, 787 F.3d 544, 562 (D.C. Cir. 2015) (Kavanaugh, J., dissenting in part) (§ 705 "authorizes courts to stay agency rules pending judicial review") (emphasis omitted). The Court was within its authority under the APA to "postpone the effective date" of Defendants' unlawful statutory interpretation pending resolution of the merits.

Even apart from the Court's remedial authority under the APA, the Court properly exercised its discretion in unique case with "potentially tragic consequences" (Dkt. #54 at p. 20), to suspend the Interim Final Rule pending final judgment. "Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents." *Trump v. Int'l Refugee Assistance Project (IRAP)*, 137 S. Ct. 2080, 2087 (2017). In evaluating a request for an injunction, a court must consider "the overall public interest." *Id.* And when weighing the equities the court will consider "preventable human suffering," particularly when it "affect[s] individuals possess[ing] limited resources . . . ." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1126 (9th Cir. 2008).

Here, the Court concluded the Department lacked statutory authority—"either specific or general—to promulgate rules" and ignored a "statute [that] could hardly be less ambiguous."

PLAINTIFF STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY
INJUNCTION
NO. 2:20-cv-01119-BJR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Dkt. #54 at pp. 12, 13. The Court found the Department's primary argument "generously put, a stretch; its adoption would render all but the most laconic Congressional directives ambiguous." *Id.* at p. 15. In these circumstances, precedent exists for the suspension of the challenged agency action pending resolution of the merits. *See, e.g.*, *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. Chao*, 297 F. Supp. 2d 155, 156–57 (D.D.C. 2003) ("A one-year postponement of the effective date of the new Rule will cause no harm to either the Department of Labor or to union members.").

Further, the harmful impact and "preventable human suffering" of the Department's invalid statutory interpretation does not stop at Washington's borders. *See, e.g.*, Dkt. #54 at p. 8 ("In Washington, *as in many states*, not all Title I eligible schools choose to participate in Title I.") (emphasis added); *id.* at p. 19 ("The nature of this pandemic is that its consequences have fallen most heavily on *the nation's* most vulnerable populations, including its neediest students.") (emphasis added).

Ordering relief beyond Washington's borders is equitable and necessary to provide Washington complete relief. The purpose of the CARES Act appropriation at issue is to provide funding to the nation's most vulnerable schools to respond to and prevent further spread of COVID-19 throughout the United States. Because of the highly contagious nature of the virus—exacerbated by the facts that the virus can be transmitted by asymptomatic carriers and residents of the United States may freely travel between states—there is no way to limit steps taken to address COVID-19 to just one state. Limiting relief to Washington would partially protect Washington schools, but it would leave students and families in neighboring states without the protections Congress intended, and these individuals could and would freely travel across Washington's borders. Ordering the Department to suspend enforcement of its erroneous statutory interpretation beyond Washington's border is necessary to protect the most vulnerable Washington students from the spread of COVID-19. *See City & County of San Francisco v. Barr*, 965 F.3d 753, 765 (9th Cir. 2020) ("appropriate inquiry" is "whether Plaintiffs themselves

PLAINTIFF STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY
INJUNCTION
NO. 2:20-cv-01119-BJR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

will continue to suffer their alleged injuries if [the federal government] were enjoined from enforcing the Challenged Conditions only in [the Plaintiffs' State].").

Nor does Article III limit the Court from halting Defendants' implementation of their unlawful statutory interpretation during the pendency of this suit. *See* Dkt. #55 at p. 4. Contrary to Defendants' implication, Article III courts, including the Supreme Court, "have issued injunctions that extend beyond just the plaintiff for well over a century." Mila Sohoni, *The Lost History of the "Universal" Injunction*, 133 Harv. L. Rev. 920, 924, 935–54 (2020). Most recently, in *Trump v. International Refugee Assistance Project*, involving President Trump's second Executive Order suspending the entry of foreign nationals from certain specified countries, the Court narrowed a nationwide injunction by limiting it to foreign nationals with a bona fide relationship with the United States, but left in place nationwide injunctions with respect to the plaintiff "and those similarly situated." 137 S. Ct. at 2087. Defendants' contention that nationwide injunctions protecting parties other than the plaintiff violate Article III cannot be squared with *IRAP*.

**B.     If the Court Is Concerned About the Scope of the Injunction, It Should Order Expedited Summary Judgment Briefing**

Washington recognizes preliminary injunctions that apply beyond just the plaintiff recently have been disputed by the federal government. In *California v. Azar*, 911 F.3d 558 (9th Cir. 2018) (not cited by Defendants), the Ninth Circuit recognized there is "no bar" to nationwide preliminary injunctive relief, but it reversed a nationwide injunction of an IFR as overbroad. In that case, however, the asserted harms were exclusively economic, whereas here the harm has "potentially tragic consequences" to health and life. *See* Dkt. # 54 at p. 20. Moreover, in a case that preceded the current Administration, the Ninth Circuit reversed a district court's state-wide injunction as overbroad. *Stormans, Inc. v. Selecky*, 586 F. 3d 1109 (9th Cir. 2009). In *Storman's* (also not cited by Defendants), the district court had enjoined the Washington Pharmacy Board's rules prohibiting a pharmacist from refusing to dispense pharmaceuticals, including Plan B,

PLAINTIFF STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY
INJUNCTION
NO. 2:20-cv-01119-BJR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

based on religious, moral, or other objections. *Storman's* is distinguishable because, unlike here, the injunction was broader than needed to address the claimed First Amendment right: it allowed *all* pharmacists to refuse to dispense Plan B for *any* reason including "personal distaste" or discriminatory practices. *Id.* at 1140. And more importantly, the Court held that granting the overbroad injunction could result in "otherwise avoidable human suffering," while limiting the injunction to the plaintiffs would mitigate much of the harm that others "in the state of Washington would otherwise face under an injunction that allows any and all pharmacies and pharmacists to refuse to dispense Plan B for any reason." *Id.* at 1140–41. Thus, that court said that "[t]he district court should have limited the injunction to the named Appellees, as was requested by the Appellees themselves in their initial motion for a preliminary injunction[.]" *Id*. at 1140.

If the Court has concern about the propriety of ordering preliminary relief that extends beyond Washington's border, Washington will request the Court to order expedited briefing on a motion for partial summary judgment on its claim that the IFR is contrary to law, Dkt. #1 at p. 27 (Count I). This claim involves exclusively legal issues and can be resolved even before Defendants produce the administrative record. Washington would anticipate filing its motion for partial summary judgment one week after the Court's order, with Defendants filing their opposition two weeks thereafter, and Washington filing its reply one week later.

### III. CONCLUSION

The Court should deny Defendants' motion for clarification.

DATED this 31st day of August 2020.

> ROBERT W. FERGUSON
> Attorney General
>
> *s/ R. July Simpson*
> PAUL M. CRISALLI, WSBA #40681
> BRIAN H. ROWE, *Pro Hac Vice*
> R. JULY SIMPSON, WSBA #45869
> JEFFREY T. SPRUNG, WSBA #23607
> SPENCER W. COATES, WSBA #49683

PLAINTIFF STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY
INJUNCTION
NO. 2:20-cv-01119-BJR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26

Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-744
paul.crisalli@atg.wa.gov
brian.rowe@atg.wa.gov
july.simpson@atg.wa.gov
jeff.sprung@atg.wa.gov
spencer.coates@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

PLAINTIFF STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY
INJUNCTION
NO. 2:20-cv-01119-BJR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 31st day of August 2020, at Tacoma, Washington.

*s/ R. July Simpson*
R. JULY SIMPSON, WSBA #45869
Assistant Attorney General

PLAINTIFF STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION
REGARDING SCOPE OF PRELIMINARY
INJUNCTION
NO. 2:20-cv-01119-BJR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744