1  ETHAN P. DAVIS
   Acting Assistant Attorney General
2  DAVID M. MORRELL
   Deputy Assistant Attorney General
3  JENNIFER RICKETTS
   Director, Federal Programs Branch
4  WILLIAM K. LANE III
   Counsel
5
6  *Attorneys for Defendants*

7
       **IN THE UNITED STATES DISTRICT COURT**
8      **FOR THE WESTERN DISTRICT OF WASHINGTON**

9
10 STATE OF WASHINGTON,

11          Plaintiff,                    Case No. 2:20-cv-1119-BJR

12      v.

13 BETSY DEVOS, in her official capacity as   **DEFENDANTS' REPLY IN SUPPORT OF**
   Secretary of the United States Department of **THEIR MOTION FOR CLARIFICATION**
14 Education; and the UNITED STATES            **REGARDING SCOPE OF PRELIMINARY**
   DEPARTMENT OF EDUCATION,                    **INJUNCTION**
15
16          Defendants.
17

18
             **DEFENDANTS' REPLY IN SUPPORT OF THEIR**
19                  **MOTION FOR CLARIFICATION**
20        **REGARDING SCOPE OF PRELIMINARY INJUNCTION**

21         Defendants established in their opening motion for clarification that the Court's August

22 21, 2020 preliminary injunction should not have nationwide effect because the Court made no

23 determination that the State needed nationwide relief to redress its injuries, nor was there any

24 evidence in the record about harm beyond Washington's borders.  Defs.' Mot. for Clarification

25 Regarding Scope of Preliminary Injunction, ECF No. 55, at 2–4 ("Defs.' Mot.").  The motion

26 relied upon controlling Ninth Circuit authority, the most recent being *City & County of San*

27

28

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION
Case No. 2:20-cv-1119-BJR

*Francisco v. Barr*, 965 F.3d 753, 765–66 (2020). *Id.* Since the motion was filed, a district court in related litigation in the Northern District of California enjoined application of the equitable-services rule against only plaintiffs in that suit. *State of Michigan v. DeVos*, No. 3:20-cv-04478-JD, ECF No. 82 (N.D. Cal. Aug. 26, 2020). *See also* Defs.' Mot. at 3 n.2 (noting other cases challenging rule).

In opposing the motion, the State attempts to rely on 5 U.S.C. § 705 as authority for a nationwide injunction. The first problem with this argument is that the State did not move for a stay of the effective date of the rule under section 705. Instead, it moved for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Pl.'s Proposed Order in supp. of PI Mot. at 2, ECF No. 8-1. There is no mention of 5 U.S.C. § 705 in the State's PI motion.

The second problem with Plaintiff's argument is that the text of section 705 provides that a court may postpone the effective date of an agency action only "to the extent necessary to prevent irreparable injury." 5 U.S.C. § 705. That command is in line with *California v. Azar*, another APA case, which held—without mentioning section 705—that "scope of the remedy must be no broader and no narrower than necessary to redress the injury shown by" plaintiffs. 911 F.3d 558, 584 (9th Cir. 2018); *see also City & Cnty. of San Francisco*, 965 F.3d at 765.

A third problem is that section 705 cannot negate the Article III requirement that, as discussed in the opening motion, "[f]or all relief sought, there must be a litigant with standing." *Town of Chester v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1651 (2017) (citation omitted); *see also Gill v. Whitford*, 138 S. Ct. 1916, 1930, 1933 (2018) ("The Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing before it."). Plaintiff's reliance on *Trump v. International Refugee Assistance Project ("IRAP")*, 137 S. Ct. 2080 (2017), does not overcome this bedrock principle. The question is not, as the State asserts, whether

1    "nationwide injunctions [can] protect[] parties other than the plaintiff," *see* Opp. at 4, but instead

2    whether any injunction should grant relief beyond the harm demonstrated by a plaintiff.   For

3    instance, in *IRAP* the Supreme Court narrowed injunctions to prevent enforcement of an

4    executive order against individuals with a bona fide relationship to the United States, while

5    staying their application as to individuals without such a relationship. 137 S. Ct. at 2087. In so

6    doing, the Court emphasized that "[c]rafting a preliminary injunction is an exercise of discretion

7    and judgment," *id.*, and tailored the injunctions to accord with the harms demonstrated by

8    plaintiffs in those suits. That same reasoning applies here.

9         Beyond Plaintiff's belated and unavailing reliance on section 705, it fails to grapple

10   meaningfully with Defendants' arguments for a properly tailored injunction. First, although the

11   State focuses on the absence of limiting language in the order's concluding paragraph, the State

12   ignores the fact that the Court's findings of harm focused exclusively on impacts *to*

13   *Washington*—not to the nation as a whole or even to neighboring states. *See* Order Granting

14   Prelim. Inj. ("Order"), ECF No. 54, at 18–20.  Plaintiff's reading of the injunction would create a

15   serious mismatch between the irreparable-harm arguments credited by the Court and the remedy

16   it ordered as a result.

17        Second, the State ignores the fact that it neither pled, briefed, nor submitted evidence in

18   support of a nationwide injunction. It should not now be heard to request relief going

19   substantially beyond that which it endeavored to obtain.

20        And third, its half-hearted attempt to argue that Washington would be harmed by

21   enforcement of the interim final rule ("IFR") in *other* states is unsupported by either evidence or

22   common sense. Plaintiff contends that suspension of the IFR "beyond Washington's border is

23   necessary to protect the most vulnerable Washington students from the spread of COVID-19."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*See* Pl.'s Opp. to Mot. for Clar., ECF No. 58, at 3.  Plaintiff's rationale justifying that argument makes little sense.  According to Plaintiff, limiting the injunction to the State of Washington "would leave students and families in neighboring states without the protections Congress intended, and these individuals could and would freely travel across Washington's borders." *Id.* But Plaintiff fails to explain why the IFR would result in increased cases of coronavirus in neighboring states, let alone why infected individuals would travel to Washington and infect students enrolled in Washington schools.  Plaintiffs have certainly offered no evidence to support such a theory.  Simply put, Washington has failed to present a cogent, non-speculative argument that decreased public-school funding in other states will impact coronavirus infection rates at all—much less within Washington's borders—and it likewise has submitted no evidence that it will suffer irreparable harm should the IFR take effect in neighboring states.

<u>**CONCLUSION**</u>

For these reasons and the reasons set forth in Defendants' motion, Defendants respectfully request that the Court clarify that its August 21, 2020 Order provides preliminary relief from the IFR to the State of Washington, exclusively.

DATED:  September 2, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

*/s/ William K. Lane III*
WILLIAM K. LANE III
(D.C. Bar #1034955)
Counsel, Civil Division
U.S. Department of Justice

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION
Case No. 2:20-cv-1119-BJR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 305-7920
william.lane2@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION
Case No. 2:20-cv-1119-BJR