JEFFREY B. CLARK
Acting Assistant Attorney General
JOHN COGHLAN
Deputy Assistant Attorney General
JENNIFER RICKETTS
Director, Federal Programs Branch
KATE TALMOR
Trial Attorney

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | Case No. 2:20-cv-1119-MLP |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER** |
| v. | |
| BETSY DEVOS, *and* U.S. DEPARTMENT OF EDUCATION, | |
| Defendants. | |

Defendants respectfully submit this opposition to Plaintiff's Motion to Reconsider, *see* ECF No. 66, as ordered by this Court's November 10, 2020 minute order.

Plaintiff's Motion is groundless and should be denied. As this Court recognized in its October 26, 2020 minute order dismissing this case, the Interim Final Rule (IFR) challenged in this litigation was "effectively enjoined," permanently, and vacated and remanded to the agency by the court in *NAACP v. DeVos*, No. 20-cv-1996 (D.D.C.). That decision accords Plaintiff here not only all of the relief sought in its Complaint, but all of the relief to which it possibly could be entitled. There remains no controversy between the parties, and this case is moot.

Plaintiff acknowledges that the *NAACP* court vacated the very rule at issue in this case. It nonetheless asks the Court to reconsider its dismissal of the case and enter judgment enjoining the now-vacated rule based on pure speculation that Defendants will "fail to follow the terms of the District of Columbia's decision," and—were that to happen—Plaintiff would have to engage in the burden of filing a new suit. Mot. at 3. Filing a lawsuit is not particularly burdensome, of course. More importantly, Plaintiff's fear that the Department will not respect the order of the *NAACP* court is entirely unfounded and turns the presumption of regularity by government officials and agencies on its head. It purports to rest on the Department's October 2020 guidance, which Plaintiff claims included "similar, if not identical provisions as in the April Guidance" challenged in this case. Mot. at 2. What Plaintiff fails to acknowledge, however, is that the October Guidance explicitly confirms the result of the *NAACP* court's vacatur of the IFR and what Plaintiff sought in this case—that "the proportional share for a CARES Act program must be determined in accordance with section 1117(a)(4)(A) of the ESEA." *See* October Guidance at Q.7, *available at* https://oese.ed.gov/files/2020/10/Providing-Equitable-Services-under-the-CARES-Act-Programs-Update-10-9-2020.pdf. In addition, the Department stipulated in the Northern District of California case challenging the IFR that it would calculate the proportional-share allocation in accordance with Section 1117(a)(4) of the ESEA. *See* ECF No. 91, Order and Judgment Granting a Permanent Injunction and Closing the Case, No. 20-cv-4478-JD (N.D. Cal.).

Plaintiff also seems to suggest that Defendants failed to notify it that they would not

appeal the *NAACP* court's decision. *See* Mot. at 2. On the contrary, undersigned counsel conveyed in writing to Plaintiff's counsel on October 2, 2020, the Acting Solicitor General's decision not to appeal either this Court's preliminary-injunction order or the *NAACP* court's vacatur of the IFR. *See* Exh. A (proposing the parties jointly move to dismiss this case as moot). In any event, Plaintiff admits that "Defendants ultimately publicly indicated that they would not appeal," Mot. at 2, and do not claim that the government has reversed this position, so it is unclear how any of this suggests that the Department will not respect the *NAACP* court's decision.

That Plaintiff's motion for reconsideration lacks any basis is further demonstrated by its failure even to cite Federal Rule of Civil Procedure 59 or 60. Nowhere does Plaintiff attempt to show that the Court's dismissal of this (moot) case was tainted by, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; or "any other reason that justified relief." *See* FRCP 60(b). And the only legal authority (outside these related cases) relied upon by Plaintiff in its motion concerned the propriety of overlapping *preliminary* injunctions in different circuits—not, as here, a request to modify a judgment in a closed case that has been inarguably mooted by final judgment in another court. *See* Mot. at 3 (*citing California v. Azar*, 911 F.3d 558, 583-84 (9th Cir. 2018), *cert denied sub nom. Little Sisters of the Poor Jeanne Jugan Residence v. California*, 139 S. Ct. 2716 (2019)).

For these reasons, Defendants respectfully urge this Court to deny Plaintiff's motion.

DATED: November 16, 2020                    Respectfully submitted,

JEFFREY B. CLARK
Acting Assistant Attorney General

JOHN COGHLAN
Deputy Assistant Attorney General

JENNIFER RICKETTS
Director, Federal Programs Branch

*/s/ Kate Talmor*
KATE TALMOR
(Member, Maryland Bar)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:20-cv-1119-MLP

Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-5267
kate.talmor@usdoj.gov

*Attorneys for Defendants*