UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>BETSY DEVOS, in her official capacity as )<br>Secretary of the United States Department of )<br>Education; and the UNITED STATES )<br>DEPARTMENT OF EDUCATION, a )<br>federal agency )<br>)<br>*Defendants*. ) | CASE NO. 2:20-cv-1119-BJR<br><br>ORDER ON PLAINTIFF STATE OF WASHINGTON'S MOTION TO RECONSIDER THE OCTOBER 26, 2020 MINUTE ORDER AND TO ENTER JUDGMENT FOR WASHINGTON |

Before the Court is the State of Washington's Motion for Reconsideration, which asks the Court to reopen this matter, convert its previous preliminary injunction into a permanent injunction, and then reclose the matter. *See* Pl. State of Wash.'s Mot. to Recons. the Oct. 26, 2020 Min. Order and to Enter J. for Wash., Dkt. No. 66. On August 21, 2020, this Court granted the State the aforementioned preliminary injunction, enjoining Defendant the Department of Education from enforcing the Interim Final Rule, which purported to interpret provisions of the CARES Act regarding distribution of emergency relief funding between public and private elementary and secondary schools. Order Granting Mot. for Prelim. Inj., Dkt. No. 54 ("Prelim.

Inj. Order").[1] On September 4, 2020, the U.S. District Court of the District of Columbia granted summary judgment to a different set of plaintiffs in a related case and permanently set aside the Interim Final Rule, preventing the Department from enforcing it. *Nat'l Ass'n for Advancement of Colored People v. DeVos*, No. 20-cv-1996, 2020 WL 5291406 (D.D.C. Sept. 4, 2020). When the Department chose not to appeal this decision, this Court in a minute order held that the decision in *NAACP* had "effectively enjoined the rule at issue in the case before this Court" and dismissed the action. Min. Order of Oct. 26, 2020, Dkt. No. 65.

The State claims it requires a permanent injunction to guard against the possibility that the Department may attempt to enforce the Interim Final Rule, notwithstanding the fact that the Rule has been vacated. The Department represents that it has no intention of imposing the Interim Final Rule's conditions, recognizing that the Rule is no longer enforceable. Defs.' Opp'n to Pls.' Mot. to Recons., Dkt. No. 68. The Court hereby DENIES the State's Motion as it has shown no likelihood that the Department will continue to enforce the Interim Final Rule. Should the Department renege on this commitment, and attempt to enforce the now-defunct Rule, the State may seek to reopen this matter at that time.

SO ORDERED.

DATED this 9th day of December, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[1] The Court recounted the underlying facts of this case in its previous Order. *See Prelim. Inj. Order* at 2–8. The Court here adopts all abbreviations and defined terms in that Order.